IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT BURTON,

      Appellant,

v.                                            Case No.  5D15-1310

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Noel A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

ON REMAND

In Burton v. State, No. SC16-1116, 2018 WL 798521 (Fla. Feb. 9, 2018), the

Florida Supreme Court summarily quashed this Court's prior opinion in Burton v. State,

191 So. 3d 543 (Fla. 5th DCA 2016), and remanded for reconsideration based on

Carpenter v. State, 228 So. 3d 535 (Fla. 2017). In Carpenter, the majority held that "the

good-faith exception to the exclusionary rule does not apply" when law enforcement is "not relying on the type of longstanding, thirty-year appellate precedent" such as that at issue in Davis v. United States, 564 U.S. 229 (2011). Carpenter, 228 So. 3d at 542.

Upon consideration of Carpenter, the good-faith exception as articulated in Davis was inapplicable in the instant case. Therefore, Burton's motion to suppress evidence taken from the warrantless search of his cell phone incident to his arrest should have been granted. See id.

REVERSED AND REMANDED.

PALMER, J., concur.
BERGER, J., concurs specially, with opinion

BERGER, J., concurring specially

While I continue to believe the police acted in good faith when they searched Burton's cell phone without a warrant, I am constrained to concur based on the Florida Supreme Court's opinion in <u>Carpenter v. State</u>, 228 So. 3d 535 (Fla. 2017).